David A. GERSHFELD, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 05–3296.

United States Court of Appeals, Federal Circuit.

April 11, 2006.

**4**

David A. Gershfeld, pro se.

Before LINN, DYK, and PROST, Circuit Judges.

*ORDER*

PER CURIAM.

David A. Gershfeld ("Gershfeld") appeals from a final decision of the Merit Systems Protection Board ("Board"), affirming the decision of the Office of Personnel Management ("OPM") that Gershfeld's election of coverage under the Federal Employees' Retirement System ("FERS") cannot be changed under the FERS law. *See Gershfeld v. Office of Pers. Mgmt.*, No. DC–0841–04–0612–I–1, 99 M.S.P.R. 151 (M.S.P.B. July 13, 2005); *Gershfeld v. Office of Pers. Mgmt.*, No. DC–0841–04–0612–I–1 (M.S.P.B. Oct.15, 2004).

On appeal, Gershfeld argues that he was incompetent at the time he elected coverage under the FERS law and that the certification date on his election form was different than the collection date. Gershfeld also asserts that he was forced to complete the election of coverage on the same day that the FERS benefit package was shown to him, that this was not the normal practice of either OPM or his agency, and that the agency employees committed affirmative misconduct. OPM counters that the Board considered the evidence offered by Gershfeld, that Gershfeld's assertions of misconduct were unsubstantiated, that even if there was misconduct by an agency employee, *Office of Personnel Management v. Richmond*, 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) governs, and thus that the Board properly held that the election was irrevocable under 5 C.F.R. § 846.201(a), (f).

OPM now moves to dismiss Gershfeld's appeal as moot. In a February 2, 2006 decision letter, OPM reviewed the circumstances of this case, reconsidered Gershfeld's claim, and rescinded its June 18, 2004 denial. The February decision letter expressly invalidated the August 13, 1987 FERS election, retroactively placing

Gershfeld under the Civil Service Retirement System ("CSRS"), and remanding the matter for recomputation of Gershfeld's annuity under the CSRS. OPM contends that this decision provides all of the relief requested by Gershfeld in this appeal. Gershfeld opposes this motion based on his concern that OPM's decision falls short of the monetary relief that he has requested.

In a letter dated February 23, 2006, OPM set forth an interim recalculation of Gershfeld's annuity under the CSRS, including a lump sum payment to compensate for the retroactive effect of OPM's substitute decision of February 2, 2006. The calculations make clear that the effect of OPM's substitute decision is to treat Gershfeld's entitled annuity payments as if his FERS election had never been made.

In response to this court's February 24, 2006 Order, Gershfeld argues that OPM's interim calculations are incorrect. However, it is clear from OPM's February 23, 2006 letter itself that the calculations are "interim" amounts that may be "less than your actual annuity" and that calculation of the exact amounts will follow after work on Gershfeld's application is completed. Moreover, OPM has agreed to consider Gershfeld's response as a request for reconsideration and to allow Gershfeld to provide additional arguments or evidence to support his request.

Because OPM has rescinded its June 18, 2004 decision, has invalidated Gershfeld's FERS election, and has allowed retroactive reissue of Gershfeld's annuity under CSRS as if the FERS election had never been made, all of the relief Gershfeld requested in this appeal has been granted. This makes the present appeal moot. Any dispute over the exact amount of the CSRS annuity and gross payment is beyond the scope of this appeal, and the court does not have jurisdiction to consider it.

Accordingly,

IT IS ORDERED THAT:

(1) OPM's motion to dismiss is granted.

(2) The appeal is dismissed as moot.

(3) No costs.